GRIFFIN, Judge,
dissenting.
I respectfully dissent. I agree with appellant that the UAC’s justification for affirming the denial of unemployment benefits is legally unsupportable.
Appellant was employed as a laborer by Hubbard Construction Company in Palm Coast from May 1, 1995, through June 1, 1995. She was then transferred to a job site in Jacksonville where she worked until the Jacksonville project on which she had been working was shut down by DOT and she was let go on July 11, 1995. Appellant had continued to reside in Palm Coast while employed in Jacksonville and had ridden to work with another company employee. That employee was apparently also laid off in July.
Appellant promptly applied for unemployment compensation benefits. Three weeks later, Hubbard contacted appellant and offered her one of two laborer jobs available on the same Jacksonville project. Appellant refused the job because she had no transportation. She admitted that the position offered her was the same job she had previously held but explained that she had carpooled to the job before with another employee who was not rehired. The claims adjudicator denied appellant’s benefits finding that Hubbard’s offer of suitable work was refused without good cause.
Following the hearing, the appeals referee entered an order affirming the denial of benefits. The referee found as follows:
CONCLUSIONS OF LAW: The law provides that a claimant shall be disqualified from receiving benefits for having failed without good cause to apply for available, suitable work when so directed by the division or employment office or to accept suitable work when offered. “Good cause” for refusing to apply for or accept suitable work is a cause of a reasonably compelling and necessary nature.
The record reflects that the claimant refused an offer of work because she did not have transportation. Basic to the employer/employee relationship is the duty of employees to report to work as scheduled and to make arrangements for transportation to report for work. The record reflects that the claimant did not make any attempt to arrange for transportation but immediately refused the offer of work. The record is devoid of any evidence to establish that the job was unsuitable or that the conditions were any different than when she previously worked for the employer. Consequently, the claimant was properly disqualified from receipt of benefits.
The issue is whether appellant had “good cause” to refuse a “suitable” offer of work. See § 443.101, Fla.Stat. (1995). “Suitable” is described in section 443.101(2)(a):
In determining whether or not any work is suitable for an individual, the division shall consider the degree of risk involved to his health, safety, and morals; his physical *661 fitness and prior training; his experience and prior earnings; his length of employment and prospects for securing local work in his customary occupation; and the distance of the available work from his residence.
The UAC has conceded that if appellant were being offered any other job in Jacksonville, or even this job, for the first time, she would have had good cause to refuse it because the distance from her home made it unsuitable.[1] The record reflects the distance is eighty-two miles. The UAC contends, however, that appellant was not free to reject this job, even though it was eighty-two miles from her home, for the sole and simple reason that she had previously performed the job. The UAC can cite no statute or case that would support this distinction; rather, it urges that some sort of estoppel applies, i.e. that since appellant performed the job previously, she is estopped to contend now that the job is either unsuitable or that she has good cause to refuse it. Even if estoppel were applicable in such a situation,[2] it fails to take into account that what may have been “suitable” in one circumstance is not necessarily suitable in another. When appellant was employed previously, she had a convenient ride to Jacksonville- with someone she knew. Rather than quit her job and collect unemployment when she was initially transferred to Jacksonville, she determined to make the commute by riding with someone she knew. Hubbard then made the decision to terminate her. On what legal basis her former employer, Hubbard, retained any right to compel her to take this job in Jacksonville, which would be “unsuitable” if offered by any other employer, is left completely unexplained by the majority opinion.
The UAC’s only stated reason for its position as expressed in its brief is no help: “When unemployment compensation benefits are paid to former employees separated from work under nondisqualifying conditions, those benefits must normally be charged to the accounts of all former employers in their base period, on a pro rata basis. Because of this, employers have an interest in seeing that unemployed former employees who refuse offers of suitable work are denied benefits under the statute.” I decipher this to mean that the agency has concluded that the “suitability” requirement ought not to apply to the rehire of an employee currently collecting benefits. The majority relies on what it chooses benignly to call a “call back” after a “lay off,” but this is a phantom distinction — at least as the law is presently written. Even the UAC makes no effort to draw any distinction between the legal status of a person who has been fired for lack of work and one who has been laid off with the hope of rehire. For purposes of Chapter 443, both are equally “unemployed.” § 443.036(32), Fla.Stat. (1995). As far as I can tell, there is no “layoff” netherworld in Chapter 443 that binds an employee to the conditions of his or her former job. It affirmatively appears in this record that the UAC’s adjudication criteria for “suitability” does not include a prior history of commuting a great distance or doing otherwise unsuitable employment for the former employer. Besides, in light of the UAC’s very suspect reliance on estoppel, it would necessarily follow that an employee who had previously done an unsuitable job, was discharged, hired to do a different job, discharged and then offered the first job again, would still be “estopped” to assert its unsuitability. It seems as though it would be very difficult to articulate such a distinction between someone who was terminated and someone who was merely laid off based on the subjective intent of the employer, but if such a distinction is to be made, it must be made by statute or promulgated rule. It has nothing to do with estoppel.
Finally, I fail to see what precedential nightmare the majority fears. In the first place, it is unlikely that there are that many *662 cases where a person accepts suitable employment, gets offered a transfer to unsuitable employment which the employee accepts, is then discharged and later offered a rehire of the same job. But, if the majority is right that this would create a nightmare, it is high time either the UAC or the legislature deals with the “layoff’ situation and enacts legislation or promulgates a rule to address it.

. The UAC says that:
If [Mrs. Hill] had never worked the job in question, all else being equal, her lack of transportation would have probably provided “good cause” for refusing a job as far away from her home as the one in question was. But, having already held such a remote location job, she is estopped from using the distance [as cause to refuse the job],

. None of the elements of estoppel appear to be present; the employer’s “detrimental reliance” is a particular mystery.